UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JIMMY E. SPRAGUE | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-15 |
| | ) | |
| PAT HOLLIFIELD, DR. VINCE | ) | |
| PINYARD, MAJOR BRENDA | ) | |
| DOWNES, SHERIFF EDD GRAYBEAL, | ) | |
| *et al.* | ) | |

## **MEMORANDUM and ORDER**

Plaintiff Jimmy E. Sprague brought his *pro se* civil rights action for injunctive and monetary relief, 42 U.S.C. § 1983, while he was a federal pretrial detainee in the Washington County Detention Center (WCDC). In his complaint, he alleged that he was denied appropriate medical treatment. Plaintiff also tendered an application to proceed *in forma pauperis*.

However, under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, §§ 801-10, 110 Stat. 1321 (1996), a prisoner who has on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, shall not be permitted to bring a civil action under the federal pauper statutes, unless the prisoner is under

imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In other words, a prisoner who falls within the scope of § 1915(g) is not precluded from filing his lawsuit in federal court. He is, however, precluded from filing his lawsuit at taxpayer expense. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998), *cert. denied,* 525 U.S. 1139 (1999).

Records reflect that plaintiff has filed three prior civil rights actions in this district which have been dismissed on one of the above-enumerated grounds. *See Sprague v. Hutchison,* Civil Action No. 3:93-cv-238 (E.D. Tenn. Dec. 14, 1994) (failure to state a claim);[1] *Sprague v. Voiles,* Civil Action No. 3:93-cv-701 (E.D. Tenn. Nov. 26, 1993) (failure to state a claim and frivolous); and *Sprague v. Hiatt,* Civil Action No. 3:04-cv-226 (E.D. Tenn. Sept. 13, 1995) (failure to state a claim).

Therefore, the Court finds that plaintiff is subject to the 3-strikes provision in § 1915(g), which means that he may not file this action *in forma pauperis* unless he is under imminent danger of serious physical injury.

Plaintiff makes no allegations of imminent danger of serious physical injury in his complaint. But even if he had done so, those contentions would not be credible because plaintiff, now confined in a federal correctional institution in North

---

[1] Dismissals prior to the effective date of § 1915(g) count toward the "three strikes." *Wilson*, 148 F.3d at 604.

Carolina, obviously cannot be under imminent danger of serious physical injury at the WCDC.

Accordingly, because the "three-strikes" provision of 28 U.S.C. §1915 applies to this action, plaintiff's application to proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(g), without prejudice to plaintiff's filing of a fee-paid § 1983 complaint.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
